**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000127
13-MAR-2014
08:42 AM**

NO. CAAP-12-0000127

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KALEOOKALANI K. KEKAUALUA, aka
KURT K. KEKAUALUA and AUNTY KALEO,
Defendant-Appellant,
and
LARS ALVIN THANEM, JR., and CURTIS K. LOVE,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 10-1-2051)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kaleookalani K. Kekaualua, also known as Kurt K. Kekaualua and Aunty Kaleo ("Kekaualua"), appeals from the February 1, 2012 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit ("Circuit Court").[1]

On appeal, Kekaualua argues that: (1) he was denied his constitutional right to effective assistance of counsel when his trial counsel (a) failed to object to hearsay evidence establishing identification and (b) moved into evidence the report authored by Honolulu Police Department ("HPD") Officer Khan Le; and (2) the deputy prosecutor engaged in misconduct when

---

[1]    The Honorable Glenn J. Kim presided.

she made statements regarding Officer Le's integrity during closing arguments.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kekaualua's points as follows:

(1) Kekaualua argues that his trial counsel was ineffective because counsel did not object to hearsay statements made by HPD Officer Chad Tanaka, and moved Officer Le's follow-up report regarding a photographic lineup into evidence.[2]

a. Officer Tanaka's Hearsay Testimony

Kekaualua contends that his counsel's "fail[ure] to object to . . . hearsay statements establishing [Kekaualua] as the person who sold drugs to Officer Le" impaired his defense, in which he sought to show that Officer Le had mistakenly identified Kekaualua as the seller. He focuses on two statements made during the prosecutor's direct examination of Officer Tanaka: (a) "[Officer Le] said he conducted a transaction with a male known as Kaleo[,]" and (b) "I conducted a photographic lineup with Officer Le, at which time he pointed out the defendant as the same male with whom he purchased drugs from." Kekaualua argues that because these hearsay statements served to bolster Officer Le's later testimony, and that no other witness testified as to the seller's identity, counsel's performance was deficient for failing to have them excluded under Hawai'i Rules of Evidence ("HRE") Rule 801.[3]

---

[2]    Kekaualua further argues in his reply brief that trial counsel's failure to object to the deputy prosecutor's closing argument "should also be considered as part of trial counsel's performance as a whole when determining the merits of [Kekaualua's] ineffective assistance of counsel claim." Because this argument was not raised in Kekaualua's opening brief, however, we deem it waived. Haw. R. App. P. 28(b)(7).

[3]    HRE Rule 801 provides, in relevant part:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

> "Statement" is an oral assertion, an assertion in a writing, or nonverbal conduct of a person, if it is intended by the person as an assertion.

For Kekaualua to prevail, he must establish, in part, "specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment, or diligence." *State v. Antone*, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980) (citing *State v. Kahalewai*, 54 Haw. 28, 30, 501 P.2d 977, 979 (1972)). Kekaualua fails, however, to identify any error, as Officer Tanaka's two unchallenged statements, while hearsay, were exempt as prior identification from the rule against hearsay under HRE Rule 802.1(3).[4]

"A police officer may testify as to the prior identification by a witness, but only where the person making the identification 'is present at trial, testifies to the prior identification, and is subject to cross-examination.'" *State v. Tafokitau*, 104 Hawai'i 285, 290, 88 P.3d 657, 662 (App. 2004) (quoting *State v. Naeole*, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980)). Similarly, if these conditions are satisfied, an "officer who conducted [a] photographic lineup may also testify to such identification[.]" *Naeole*, 62 Haw. at 570, 617 P.2d at 826. Here, the hearsay declarant, Officer Le, testified at trial as to each of his identifications of Kekaualua to Officer Tanaka and was, thereafter, subject to cross-examination. Thus, Officer Tanaka's statements about Officer Le's prior identification were admissible under HRE Rule 802.1(3), and defense counsel did not demonstrate a "lack of skill, judgment, or diligence" in not objecting to the statements.

---

Haw. R. Evid. 801 (Supp. 2013).

[4]    HRE 802.1 provides, in relevant part:

> The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
>
> . . . .
>
> (3)    Prior identification. The declarant is subject to cross-examination concerning the subject matter of the declarant's statement, and the statement is one of identification of a person made after perceiving that person[.]

Haw. R. Evid. 802.1 (1993).

b.    Officer Le's Follow-up Report

Kekaualua argues that his trial counsel was also ineffective because counsel moved Officer Le's follow-up report into evidence after Officer Le admitted that, in the original report, he had indicated the wrong photograph.  Officer Le testified that although he indicated, in the report, that he had selected photograph number three, he had circled photograph number four, Kekaualua's photograph on the actual photographic lineup.

Kekaualua contends that "[m]oving the [follow-up] report into evidence alone might not have been too bad, but this line of questioning led the deputy prosecutor to move the photographic lineup into evidence on re-direct examination."  He contends that these actions "further cemented the identity of the seller as [Kekaualua] . . . [and] further demonstrated defense[] counsel['s] lack of skill and judgment."

Kekaualua's argument is unpersuasive.  "[M]atters presumably within the judgment of counsel, like trial strategy, will rarely be second-guessed by judicial hindsight."  *State v. Richie*, 88 Hawai'i 19, 39-40, 960 P.2d 1227, 1247-48 (1998) (emphasis and internal quotation marks omitted) (quoting *State v. Smith*, 68 Haw. 304, 311, 712 P.2d 496, 501 (1986).  Defense counsel's decision here to move Officer Le's follow-up report into evidence amounted to a strategic decision to contest Officer Le's prior inconsistent statement under HRE 802.1(1).[5/]  The fact

---

[5/]    HRE 802.1(1) provides:

> The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:

> (1)    Inconsistent statement. The declarant is subject to cross-examination concerning the subject matter of the declarant's statement, the statement is inconsistent with the declarant's testimony, the statement is offered in compliance with rule 613(b), and the statement was:

>> (A)    Given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition; or

>> (B)    Reduced to writing and signed or otherwise adopted or approved by the declarant; or

that the State had what subsequently proved to the jury to be a satisfactory response to that challenge does not mean that counsel's decision amounted to ineffective assistance.

Therefore, we conclude that Kekaualua's ineffective assistance of counsel arguments are meritless.

(2) Kekaualua argues that the deputy prosecutor engaged in prosecutorial misconduct because her comments about Officer Le during rebuttal closing argument "amounted to personal views as to [his] credibility[.]" Specifically, Kekaualua complains that the deputy prosecutor:

> expressed that because Le also works on occasion for federal agencies, and because they would not take just anybody, that "[t]hey're going to pick the good ones. They picked Officer Le." Additionally, she stated that Le "has integrity . . . He cares about his job. He's a good officer." Later, she opined about Le: "He's credible."

(Record citations omitted.)[6]

---

> (C) Recorded in substantially verbatim fashion by stenographic, mechanical, electrical, or other means contemporaneously with the making of the statement[.]

Haw. R. Evid. 802.1(1) (1993). During trial, the court mistakenly referred to this rule as "803.1."

[6] The prosecutor's following comments occurred during a portion of rebuttal closing argument in which the prosecutor addressed the claim made by defense counsel in his own closing argument that the HPD witnesses, including Officer Le, had lied, offered perjured testimony, and blatantly fabricated testimony:

> What matters here is what the defendant did, okay, and, it's clear from the evidence what the defendant did. The evidence is as strong as it is in this case.
>
> And, what does the defendant do?
>
> I have an idea. Let's come up with a dirty – with a dirty cop story. Let's make Officer Le seem like he's a dirty cop who has affairs with prostitutes and then he busts them for drugs and he spearheads his whole operation to take people down.
>
> Let's create this smoke screen.
>
> Let's talk about how HPD is dirty.
>
> Let's talk about this affair.
>
> Let's talk about how HPD messed up.
>
> Let's point out every typographical error.
>
> Small stuff.

Kekaualua did not object to the challenged statements during the prosecutor's rebuttal argument. Therefore, we determine first whether the prosecutor's statements were improper and, if so, whether they constituted plain error that affected the defendant's substantial rights. *State v. Clark*, 83 Hawai‘i

---

Let's bring up the small stuff because if the jury gets caught up behind the smoke screen they might not see the evidence, they might get confused and be led off track.

When you have nothing else, that's what you do, you create a smoke screen.

The defense does not want you to focus on these things. They don't want you to focus on Officer Le's experience 23 years as an officer, nine years as an undercover officer. He has done undercover officer work with ATF, Immigration, DEA, federal agencies. And, if we think that HPD standard for undercover work is strict, he worked for the feds. The federal agencies are not going to be like just send us over any cop. We'll take anybody. We don't care about their experience, how good they are. They're going to pick the good ones. They picked Officer Le.

He's a good undercover cop. He has integrity. You can tell by the way he testifies. He's passionate about what he does. He cares about his job. He's a good officer.

Does he care about his job enough he'll just make up anything just to convict anybody?

No.

His goal in this case was to see if people were selling drugs. He wanted to bust drug dealers. And, that's what he did. That's what the defendant is.

You saw him testify. He was credible.

Granted, he gets a little excited sometimes. He's passionate again. You know that's his personality. It came out to you on the stand.

But what you did see is that he knows what he's doing and that he's honest to you when he testifies.

He had nothing to hide.

Every single time he went in for a drug transaction, he's on tape. He's not turning off the tape because something crooked is going down. He's on tape.

He has other officers around listening to him, listening to how he's interacting, what he's doing.

He's credible.

He has evidence that supports what he testified to.

6

289, 304, 926 P.2d 194, 209 (1996).

"[A] prosecutor, during closing argument, is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." *Clark*, 83 Hawai'i at 304, 926 P.2d at 209 (citing *State v. Apilando*, 79 Hawai'i 128, 141-42, 900 P.2d 135, 148 (1995)). A prosecutor also "ha[s] latitude to respond in rebuttal closing to arguments raised by defense counsel in their closing. *State v. Mars*, 116 Hawai'i 125, 142, 170 P.3d 861, 878 (App. 2007) (citing *People v. Sutton*, 631 N.E.2d 1326, 1335 (Ill. App. Ct. 1994)). It is improper, however, for prosecutors to "express[] their personal views as to a defendant's guilt or the credibility of witnesses." *Clark*, 83 Hawai'i at 304, 926 P.2d at 209 (citing *State v. Marsh*, 68 Haw. 659, 661, 728 P.2d 1301, 1302 (1986); *cf. Ex parte Waldrop*, 459 So. 2d 959, 961 (Ala. 1984) ("Attorneys should be careful in their arguments to the jury to refrain from an injection of their own personal experience or knowledge in support of their argument, as distinguished from what they deem to be reasonable inferences to be drawn from the evidence." (quoting *Brown v. State*, 393 So. 2d 513 (Ala. Crim. App. 1981) (internal quotation marks omitted))).

At what point legitimate argument and inferences traverse into the expression of improper personal views is not always clear, as a prosecutor need not explicitly indicate an expression as her own for it to constitute her personal view. *See, e.g., State v. Suan*, 121 Hawai'i 169, 174-75, 214 P.3d 1159, 1164-65 (App. 2009) (holding as improper: "The fact is that these officers have integrity. [T]heir testimony really is a testament to the fact that the system does work. They were telling the truth. They have integrity. They could have come in here[,] no reports, told you anything. They didn't." (emphasis omitted)). Also, the context in which statements are made necessarily informs their interpretation. *See State v. Krueger*, No. CAAP-12-0000801, 2013 WL 6231717, at *12 (Haw. Ct. App. Nov. 29, 2013) ("We review the Prosecutor's remarks in context." (citing *State v. Moore*, No. 30001, 2010 WL 1843665 (Haw. Ct. App. May 10, 2010))); see also *State v. Schmidt*, 84 Hawai'i 191, 203, 932 P.2d

328, 340 (App. 1997) (when "[t]he prosecutor's use of the term 'we'" is "taken in context . . . ."). An "unqualified endorsement," however, is indicative of a personal opinion. *See State v. Basham*, ___ Hawai'i ___, ___ P.3d ___, 2014 WL 502985, at *18 (Feb. 6, 2014).

Here, none of the prosecutor's remarks could be construed as an unqualified endorsement. *See id.* The prosecutor was well within bounds when, in rebuttal, she confronted defense counsel's assertions that Officer Le and others had engaged in "blatant fabrication." *See Mars*, 116 Hawai'i at 142, 170 P.3d at 878. Significantly, in doing so, each of her statements touching on credibility is tethered directly to evidence before the jury:

> He's a good undercover cop. He has integrity. *You can tell by the way he testifies.*
>
> . . . .
>
> *You saw him testify.* He was credible.
>
> Granted, he gets a little excited sometimes. He's passionate again. You know that's his personality. *It came out to you on the stand.*
>
> But *what you did see* is that he knows what he's doing and that he's honest to you when he testifies.
>
> . . . .
>
> He's credible.
>
> *He has evidence that supports what he testified to.*

(Emphasis added.) *Cf. Krueger*, 2013 WL 6231717, at *12 (concluding as proper a statement that "was ultimately tethered to evidence"). As to the prosecutor's argument that Officer Le was a good cop, this was an inference legitimately drawn from evidence in the record, including Officer Le's lengthy work history, his time as an HPD undercover officer, and his selection for work details by several federal agencies.[1] Accordingly, and "particularly when viewed in the context of the closing arguments as a whole," *see Moore*, 2010 WL 1843665, at *2, the prosecutor's remarks were not improper. Kekaualua was not deprived of a fair trial.

___

[1] The prosecutor's implication that selection for federal work is itself indicative of a good officer may have been a step too far absent supporting record evidence, but we decline to recognize this alone as constituting reversible error.

For the foregoing reasons, the February 1, 2012 Judgment of Conviction and Sentence is affirmed.

DATED:  Honolulu, Hawai'i, March 13, 2014.

On the briefs:

Randall K. Hironaka,
(Miyoshi & Hironaka)
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

9